# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

DARRELL D. DIODATO,

                Plaintiff/Counter-Defendant

        v.

WELLS FARGO INSURANCE SERVICES
USA, INC.,

                Defendant/Counterclaimant

CIVIL ACTION NO. 1:12-CV-02454

(CONNER, C.J.)
(MEHALCHICK, M.J.)

## MEMORANDUM

This action is brought by Plaintiff, Darrell D. Diodato, against his former employer, Wells Fargo. Pending before this Court is a Motion to Quash brought by non-party Marsh USA Inc. ("Marsh") (Doc. 28), in which Marsh seeks to quash a subpoena issued by Diodato.

## I. BACKGROUND AND PROCEDURAL HISTORY

Diodato filed this action on November 9, 2012 in the Court of Common Pleas of Cumberland County. Diodato's complaint (Doc. 1-2) alleges that he was wrongfully terminated by Wells Faro and asserts claims of fraudulent misrepresentation and/or fraudulent inducement; breach of contract/covenant of good faith and fair dealing; breach of contract arising out of nonpayment of compensation; violations of wage payment and collection law; defamation; commercial disparagement; unauthorized use of name or likeness; unjust enrichment; unfair competition; and violation of 15 U.S.C. § 1925 the Lanham Act. Wells Fargo has alleged the following counterclaims against Diodato: breach of Diodato's restrictive

covenant with Wells Fargo; misappropriation and misuse of trade secrets; unfair competition; and conversion and tortious interference with prospective business relations.

Diodato alleges that James Voltz, Diodato's former supervisor, was involved in Wells Fargo's decision to terminate Diodato in May 2011. (Doc. 28, ¶ 2). Before Voltz began his employment with Wells Fargo, he was employed by Marsh from approximately 2000 until July 31, 2009. (Doc. 28, ¶ 3). Voltz was then employed by Wells Fargo until June 2012. (Doc. 28, ¶ 4). Marsh then re-hired Voltz around October 15, 2012. (Doc. 28, ¶ 4). Diodato was employed with Wells Fargo from December 2009 until May 16, 2011. (Doc. 28, ¶ 6).

On June 20, 2013, Diodato served non-party Marsh with a subpoena seeking information and documents. (Doc. 28, Ex. A). On July 11, 2013, non-party Marsh filed a Motion to Quash. (Doc. 28). For the following reasons, the Court grants Marsh's motion to quash.

II.   **DISCUSSION**

A. TIMELINESS

A motion to quash must be "timely filed" pursuant to Fed. R. Civ. P. 45(c)(3)(A). Ample authority exists holding that timeliness means within the specified compliance period, so long as that period is of reasonable duration. *City of St. Petersburg v. Total Containment, Inc.*, 2008 WL 1995298, at *2 (E.D. Pa. May 5, 2008) (citing 9 Moore's Federal Practice - Civil § 45.50 (2006)). In this case, the subpoena was served on June 20, 2013. The date of compliance was July 11, 2013, or 21 days after the date of service. Marsh's motion to quash was filed on July 11, 2013. Thus, this Court finds that the motion to quash was timely.

B. Rule 45

Federal Rule of Civil Procedure 45 governs subpoena practice in federal court. Rule 45(a)(l)(A)(iii) requires that a subpoena "command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises[.]" Further, Rule 45(c)(1) requires that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." A court must quash or modify a subpoena that subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3)(A)(iv). When analyzing whether a subpoena places an undue burden on a non-party, the court considers issues such as relevance, the requesting party's need, the breadth of the request, and the burden imposed. *Charter Oak Fire Ins. Co. v. Am. Capital, Ltd.*, 2012 WL 5862735, at *2 (M.D. Pa. Nov. 19, 2012). The moving party seeking to quash the subpoena has the burden of demonstrating that the requirements of Rule 45 are satisfied. *Uporsky v. Hayt, Hayt & Landau, LLC*, 2012 WL 3888214, at *2 (M.D. Pa. Sept. 7, 2012).

C. Undue Burden

Non-party Marsh moves to quash the subpoena at issue on the basis that it seeks information that is outside the scope of discovery in this case and is irrelevant to this case. (Doc. 28, ¶ 13). Marsh avers that the subpoena places an undue burden on Marsh by requiring extensive documents that could be equally obtained through discovery with Wells Fargo, a party to the case, and requests irrelevant information concerning Voltz's employment with Marsh that is outside the relevant time period, namely the period that Diodato was employed with Wells Fargo. (Doc. 35).

Specifically, Diodato's subpoena requests all documents relating to communications by Voltz to or from an email address at the domain "@wellsfargo.com" from July 2012 to present; documents related to any agreement by Voltz regarding any limitation of Voltz's use of trade secrets of customers at Wells Fargo; documents related to any agreement to settle an unrelated claim between Voltz and Marsh; the terms of Voltz's re-employment with Voltz; documents regarding any agreement involving Voltz's employment and/or re-employment with Marsh; any communications by Voltz with Wells Fargo regarding the present case; and knowledge of the role of Voltz as a witness on behalf of Wells Fargo regarding the present case. Defendants claim that this information is relevant to show financial bias on the part of Voltz and communications between Voltz and Wells Fargo personnel. (Doc. 50, p. 8).

The Court finds these demands place an undue burden on Marsh. The subpoena requires a non-party to use its time and resources locating, reviewing, and compiling the requested information that would also be available through discovery with a party to the litigation. Further, the subpoena requests Marsh produce an employee to further testify as to Voltz's role as a witness, thus requiring more time and resources. Additionally, the Court finds that the information sought by the subpoena is not relevant to the facts at issue in this case. Diodato requests information regarding Voltz's relationship with Marsh, including information related to a prior case between Voltz and Marsh; their settlement agreement(s); and the terms of Voltz's re-employment with Marsh. None of the information sought has any bearing on or relevance to the claims between Diodato and Wells Fargo. As such, the breadth of the subpoena's request regarding a matter outside the scope of the Complaint's allegations is unnecessary and creates an undue burden on Marsh. Finally, the Court notes that Voltz has already been deposed twice in this matter. (Doc. 35, p. 14).

### III.    CONCLUSION

For the foregoing reasons, the Court will grant non-party Marsh's Motion to Quash. (Doc. 28). An appropriate Order follows.

BY THE COURT:

Dated: November 15, 2013                    s/ Karoline Mehalchick

**KAROLINE MEHALCHICK**
**United States Magistrate Judge**