# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARRELL D. DIODATO,<br>    Plaintiff/Counter-Defendant<br><br>v.<br><br>WELLS FARGO INSURANCE SERVICES USA, INC.,<br>    Defendant/Counterclaimant | CIVIL ACTION NO. 1:12-CV-02454<br><br>(CONNER, C.J.)<br>(MEHALCHICK, M.J.) |

## MEMORANDUM

This action was filed by Plaintiff, Darrell Diodato, against his former employer, Defendant Wells Fargo Insurance Services USA, Inc. ("Wells Fargo"). On November 9, 2012, Diodato filed this action in the Court of Common Pleas of Cumberland County, Pennsylvania. On December 10, 2012, Wells Fargo removed this action to the United States District Court for the Middle District of Pennsylvania. (Doc. 1). Pending before this Court is Diodato's Motion for Sanctions (Doc. 18), and several outstanding discovery disputes.

I. **BACKGROUND AND PROCEDURAL HISTORY**

Diodato was employed by Wells Fargo between December 2009 and May 16, 2011. Diodato alleges that he was wrongfully terminated by Wells Fargo and brings the following claims: fraudulent misrepresentation and/or fraudulent inducement; breach of contract/covenant of good faith and fair dealing; breach of contract arising out of nonpayment of compensation; violations of wage payment and collection law; defamation; commercial disparagement; unauthorized use of name or likeness; unjust enrichment; unfair competition; and violation of 15 U.S.C. § 1925 of the Lanham Act. Wells Fargo has alleged the following counterclaims against Diodato: breach of Diodato's restrictive covenant with Wells Fargo;

misappropriation and misuse of trade secrets; unfair competition; conversion; and tortious interference with prospective business relations.

The original discovery deadline in this matter was July 1, 2013. That deadline was modified by this Court's May 30, 2013 Order (Doc. 17) to July 15, 2013. Diodato filed a Motion for Sanctions on June 12, 2013. (Doc. 18). On October 15, 2013, both parties submitted letter briefs to the Court outlining the remaining discovery issues in this matter. (Doc. 48; Doc. 49). This Court's July 3, 2013 Order (Doc. 27) disposed of all but two of the several issues presented in the Motion for Sanctions. The Court now considers the remaining issues in the Motion for Sanctions, and all remaining discovery disputes presented by the parties in their letter briefs.

II. **DISCUSSION**

A. LEGAL STANDARD

Federal Rule of Civil Procedure 26 provides, in pertinent part, as follows:

(b) Discovery Scope and Limits.

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).
>
> (2) Limitations on Frequency and Extent.

> (C) When Required. On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
>> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>>
>> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>>
>> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Although the scope of relevance in discovery is broader than that allowed for evidentiary purposes, it is not without its limits. *Banks v. Beard*, 2013 WL 3773837, at *2 (M.D. Pa. July 17, 2013). Courts will not permit discovery where a request is made in bad faith, unduly burdensome, irrelevant to the general subject matter of the action, or relates to confidential or privileged information. *Banks*, 2013 WL 3773837, at *2. The burden is on the objecting party to demonstrate in specific terms why a discovery request is improper and to show that the requested materials do not fall "within the broad scope of relevance … or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Banks*, 2013 WL 3773837, at *2 (citing *Burke v. New York City Police Dept.*, 115 F.R.D. 220, 224 (S.D.N.Y. 1987)).

Federal Rule of Civil Procedure 37(b)(2)(A) authorizes a court to impose sanctions on a party who violates an order of the court and Rule 37(c)(1) permits the court to impose sanctions for failure to disclose. Sanctions for violations of Rule 37(b)(2)(A) and 37(c)(1) include orders by the court ranging from designating that certain facts be admitted, to prohibiting the disobedient party from supporting or opposing designated claims or defenses, to monetary damages or even the dismissal of all or part of the action. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi). Whether to impose sanctions for failure to comply with discovery orders is committed to the court's discretion. *Banks*, 2013 WL 3773837, at *9 (M.D. Pa. July 17, 2013).

### B. Diodato's Motion for Sanctions

In the Court's July 3, 2013 Order (Doc. 27), the Court disposed of several of the issues in Diodato's Motion for Sanctions and denied any "requests to unilaterally curtail discovery for either party as a discovery sanction." (Doc. 27). Only two issues remain from Diodato's June 12, 2013, Motion for Sanctions: (1) whether Diodato is permitted to serve written discovery by email and require a response by the July 15, 2013, deadline; and (2) costs of discovery and attorney's fees. (Doc. 18). A party moving under Rule 37 to compel discovery, or for sanctions, bears the initial burden of proving the relevance of the requested information. *Hill v. Lappin*, 2012 WL 2049570 (M.D. Pa. June 6, 2012); citing *Morrison v. Philadelphia Housing Auth.*, 203 F.R.D. 195, 196 (E.D.Pa.2001). Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery: (1) does not come within the broad scope of relevance as defined under Fed.R.Civ.P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *In re Urethane Antitrust Litigation*, 261 F.R.D. 570, 573 (D.Kan.2009).

1. Diodato's Written Discovery Requests

In his Motion for Sanctions, Diodato requested "the right to serve Interrogatories and/or Requests for Production by email sent on or before June 14, 2013, and [Wells Fargo] shall answer the same as if personally served on that date." (Doc. 20, Br. in Supp. at 11). At the time Diodato filed this motion, the discovery deadline was July 15, 2013. Ultimately, the Interrogatories were served on Wells Fargo on June 16, 2013. Wells Fargo's position is that, because the responses to these interrogatories would be due after the close of the discovery period, July 15, 2013, they were untimely and thus no response was required.

Diodato did not receive several disclosures of documents from Wells Fargo until June 10, 2013. On April 17, 2013, the Court ordered Wells Fargo to disclose these documents to Diodato. After failing to do so, the Court ordered Wells Fargo to produce the documents by June 10, 2013. (Doc. 17). Wells Fargo produced the documents on June 10, 2013. Diodato made good faith efforts to review these documents as quickly as possible and requested the Court allow service via e-mail as to comply with the discovery deadlines. The fact that the Interrogatories were served on June 16, 2013, one day late (whereas Wells Fargo was several weeks late in disclosing the documents upon which the Interrogatories were based), is not prejudicial to Wells Fargo. Therefore, it is within this Court's discretion to deem Diodato's Interrogatories timely filed and compel Wells Fargo to respond. Accordingly, Wells Fargo has thirty (30) days from the date of this Order to answer Diodato's Interrogatories.

2. Costs of Discovery and Attorney's Fees

Diodato requests "reasonable attorney fees related to the May 28 discovery conference, and in preparing, filing and briefing the Motion. Such costs should be borne by [Wells Fargo] and its counsel, jointly and severally." (Doc. 20, Br. in Supp. at 11). The Court, as stated above,

orders Wells Fargo to respond to Diodato's Interrogatories. However, the Court will not, at this juncture, award Diodato fees and costs for litigating the Motion for Sanctions. Rather, given the number of discovery disputes and issues raised by both parties, the Court finds that each party should bear its own costs in litigating the Motion for Sanctions and the remaining discovery issues. Thus, the Court will deny attorney's fees related to the Motion for Sanctions and the May 28 discovery conference.

### C. DIODATO'S INTERROGATORIES NUMBERS 6&7 AND WELLS FARGO'S REFUSAL TO ANSWER

Plaintiff seeks answers to the following two interrogatories:

- *#6 – Identify what instruction or direction WFIS provided to present or former WFIS employees Edward Andrews and John Kluxen to preserve information and/or records in relation to the above-captioned Matter, including but not limited to the content of any such instruction or direction and when the same was provided to each.*

- *#7 – Identify why Edward Andrews and John Kluxen were not named in the IRP Notice despite being identified in the Initial Disclosures of WFIS in the above-captioned Matter.*

Wells Fargo objected on the grounds that the requests were untimely because the responses were not due until after the discovery period ended on July 15, 2013, and on substantive grounds. As already noted, the Court construes Diodato's Interrogatories as timely filed. Additionally, the Court finds these interrogatories relevant as they are directly related to the preservation of information and records in the present case. Accordingly, the Court orders Wells Fargo to provide Answers to these two interrogatories within thirty (30) days.

### D. DIODATO'S REQUEST FOR PRODUCTION (FIFTH SET), SERVED ON WELLS FARGO ON JUNE 10, 2013 AND WELLS FARGO'S REFUSAL TO ANSWER

1. Diodato's Request for Production, Numbers 1, 2, 15

Diodato requests the following documents related to James Voltz, Diodato's former supervisor:

- #1 – *Any document that relates to a limitation on James Voltz' solicitation of clients or customers serviced by WFIS.*

- #2 – *Any document that relates to James Voltz' separation from employment with WFIS and/or compensation of any kind paid to or on behalf of Voltz on account of his separation employment with WFIS.*

- #15 – *Documents that identify terms of compensation paid to James Voltz for any period between January 1, 2010, and December 31, 2012.*

Diodato states that information related to Voltz is relevant because it is suspicious that Voltz maintained documents from a former employer while working for a competitor. While this may be true, this does not make that information relevant to the case. The Court finds that these requests for documents related to Diodato's former Wells Fargo supervisor are not relevant to any of the pending claims or defenses, and will not order Wells Fargo to respond to this Request for Production.

2. <u>Diodato's Request for Production, Numbers 5, 10, 11</u>

Diodato requests:

- #5 – *All documents reflecting any calculation of Diodato's commissions and compensation under the WFIS Producer Plan effective 1/1/10, for the quarters ending March 31, 2011 and June 30, 2011.*

- #10 – *The Wells Fargo and Company Salary Continuation Pay Plan, as described in the WFIS Producer Plan.*

- #11 – *The procedure utilized to recognize the booking of Eligible Revenue, as described in the WFIS Producer Plan.*

Diodato's complaint raises claims under breach of contract and under the Pennsylvania Wage Payment and Collection Law. Diodato alleges that Wells Fargo failed to pay him in accordance with certain compensation plans, and that he was not fully paid all commissions

and compensation during the year of his termination. Additionally, he alleges that he was not fully paid in accordance with documents pertaining to the Trade Secrets Agreement. Thus, this Court finds these documents relevant. Accordingly, this Court orders Wells Fargo to produce these documents within thirty (30) days.

### 3. Diodato's Request for Production, Number 9

Diodato requests the following documents:

- #9 – *Documents describing or implementing WFIS policy to move servicing of smaller business accounts to Minneapolis, as described by John Kluxen in his deposition on May 31, 2011.*

These documents do not pertain to a pending claim or defense, and the Court finds that they are not relevant to the present matter. Further, Diodato obtained deposition testimony from a Wells Fargo witness stating that no accounts that Diodato was assigned to were moved to a service center. The Court finds that there is no basis for asserting that they were moved, as Wells Fargo has produced testimony to the contrary. Therefore, this Court will not require Wells Fargo to produce these documents.

### 4. Diodato's Request for Production, Number 21

Diodato requests:

- #21 – *Documents relating to transactions affecting the following WFIS customers for which discipline on Darrell Diodato was considered or imposed:*

    | WFIS Customer | Time Frame |
    | --- | --- |
    | Suitland Enterprises | October 2009—February 2010 |
    | City of Harrisburg | February 2010—June 2010 |
    | Reliable Contracting | February 2010—June 2010 |
    | Freedom Lanes | April 2010—August 2010 |
    | SJ Holdings | May 2010—July 2010 |
    | Ryan Family Amusements, Inc. | June 2010—October 2010 |
    | Bowl America | August 2010—December 2010 |
    | Legion Bowl | September 2010—January 2011 |

Diodato alleges that he was targeted by his former supervisor, Voltz, and subjected to increased scrutiny. Diodato seeks information related to certain customer specific incidents for which Diodato received discipline. The Court finds that this information is relevant to Diodato's claims, and orders Wells Fargo to produce this information within thirty (30) days.

### E. W<small>ELLS</small> F<small>ARGO'S</small> F<small>IRST</small> S<small>ET OF</small> R<small>EQUESTS FOR</small> P<small>RODUCTION</small>, N<small>UMBERS</small> 3, 13

Wells Fargo requests electronic images from Diodato's devices that he maintained during or after his resignation from Wells Fargo. Diodato has not produced these images for inspection or imaging. Diodato has agreed to produce hard copies of this information, but has told Wells Fargo he will not produce the electronic devices. The Court orders Diodato to produce this electronic imaging; however, the cost of copying these electronic images will be borne by Wells Fargo. Diodato has thirty (30) days from the date of this Order to produce these electronic devices to Wells Fargo for inspection and imaging.

### F. W<small>ELLS</small> F<small>ARGO'S</small> I<small>NTERROGATORIES TO</small> D<small>IODATO</small> (<small>SERVED ON</small> M<small>AY</small> 10, 2013)

Wells Fargo served interrogatories on Diodato on May 10, 2013. Diodato served objections on June 17, 2013 and supplemental responses on June 25, 2013.

#### 1. Wells Fargo's Interrogatories, Numbers 1, 2

Wells Fargo's Interrogatory No. 1 asks Diodato to disclose, in regard to documents he obtained as a result of his employment with Wells Fargo, what was destroyed, along with such details as who destroyed the documents, the approximate date of destruction, and who else has knowledge that each document was destroyed. Wells Fargo's Interrogatory No. 2 asks Diodato to identify each document that was destroyed. Diodato objects to these interrogatory requests

based on the number and variety of documents, from mundane to important, such that the request is overbroad, particularly given that Diodato worked for Wells Fargo or its predecessors for nearly 30 years.

While the Court recognizes that the burden to Diodato may be great when considering the length of time that Diodato was employed by Wells Fargo or its predecessors, this information may be relevant to both Diodato's claims and Wells Fargo's counterclaims. As such, the interrogatories may lead to the discovery of admissible evidence. Moreover, the Court notes that these are interrogatories, not requests for production, and therefore there is no cost of reproduction or collection of documents. Diodato must simply compile a list and description of documents he received from Wells Fargo that were subsequently destroyed. Any burden to Diodato in answering these interrogatories is not outweighed by the benefit of responding, and there is no other source from which this information can be obtained. For these reasons, the Court compels Diodato to respond to Wells Fargo's Interrogatories Numbers 1 and 2 within thirty (30) days.

### 2. Wells Fargo's Interrogatory, Number 4

Wells Fargo's Interrogatory No. 4 asks Diodato to identify each customer with whom he communicated and asks for details including substance, dates, methods of communication, the identity of all participants, and who initiated the communication. Diodato responded that he communicated with an "untold number of individuals, an unknown number of whom had some connection to an entity insured through [Wells Fargo] . . . [but] has no recall at the present time of the substance of any such communication and kept no contemporaneous notes of such communications." Diodato offered to supplement this response in accord with his deposition testimony. When specifically prompted as to some particular transaction shown to

him, Diodato avers that he could recall some details, but submits that it is burdensome and harassing to have to review more than 3,000 pages of documents to recount contact information, particularly where Diodato provided full and complete responses to the best of his ability during his two-day deposition.

The Court finds that while it will be burdensome for Diodato to have to review the documents in order to recount information responsive to this interrogatory, this information is likely to lead to the discovery of admissible evidence, particularly given the counterclaims filed against Diodato by Wells Fargo. Moreover, any burden to Diodato in answering this interrogatory is not outweighed by the benefit of responding, and there is no other source from which this information can be obtained. For these reasons, the Court compels Diodato to respond to Wells Fargo's Interrogatory No. 4 within thirty (30) days.

III. **CONCLUSION**

For the foregoing reasons, this Court will grant in part and deny in part Plaintiff's Motion for Sanctions, and orders the responses to the parties' discovery requests as outlined above.

An appropriate Order will follow.

BY THE COURT:

Dated: November 15, 2013

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**